IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN A. TURNER,
    Petitioner,

vs.                                    Case No.:  4:11cv488/WS/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on remand from the District Judge (doc. 39).  On April 22, 2014, the undersigned issued a report and recommendation (doc. 33) recommending denial of Petitioner's habeas petition (doc. 1).  On May 15, 2004, Petitioner filed a motion for leave to amend his petition (doc. 37); and on June 6, 2014, he filed objections to the report and recommendation (doc. 38).  On June 20, 2014, the District Judge issued an order adopting the report and recommendation, denying the habeas petition, and remanding the case to the undersigned for consideration of Petitioner's motion to amend (doc. 39).

        After careful consideration of all issues raised by Petitioner in the motion to amend, it is the opinion of the undersigned that Petitioner's motion to amend should be denied, a certificate of appealability should be denied, and final judgment denying this habeas action should be entered.

I.        RELEVANT BACKGROUND AND PROCEDURAL HISTORY

        The procedural history relevant to Petitioner's motion to amend is set forth in the previously issued report and recommendation (doc. 33), which was adopted by the District Judge (doc. 39). Petitioner was indicted in the Circuit Court in and for Leon County, Florida, Case No. 2005-CF-2005, on one count of first degree premeditated murder.  Following a jury trial, he was found guilty as charged.  On June 19, 2008, Petitioner was sentenced to life imprisonment without the possibility of parole, with pre-sentence jail credit of 450 days.

Petitioner, through counsel, appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D08-3453. The First DCA affirmed the judgment per curiam without written opinion on June 8, 2010, with the mandate issuing August 30, 2010. Turner v. State, 41 So. 3d 900 (Fla. 1st DCA 2010) (Table). Petitioner did not seek further review.

On March 1, 2011, Petitioner filed a petition for writ of habeas corpus in the First DCA, Case No. 1D11-1283, alleging ineffective assistance of appellate counsel. The First DCA denied the petition on March 30, 2011, and denied Petitioner's motion for rehearing on May 5, 2011. Turner v. State, 60 So. 3d 1084 (Fla. 1st DCA 2011) (Mem).

On April 22, 2011, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. In an order rendered January 20, 2012, the state circuit court struck the motion as facially insufficient, without prejudice to Petitioner's filing an amended motion within thirty days. Petitioner filed an amended motion on February 3, 2012. The state circuit court summarily denied it on April 27, 2012. Petitioner appealed the decision to the First DCA, Case No. 1D12-2614. The First DCA affirmed the judgment per curiam without written opinion on February 11, 2013, with the mandate issuing March 11, 2013. Turner v. State, 108 So. 3d 1086 (Fla. 1st DCA 2013) (Table). Petitioner filed a petition for review in the Supreme Court of Florida, Case No. SC13-441, but the court dismissed the petition for lack of jurisdiction on April 9, 2013. Turner v. State, 115 So. 3d 1003 (Fla. 2013) (Table).

While Petitioner's initial Rule 3.850 motion was pending, he filed the instant federal habeas action on August 28, 2011 (doc. 1 at 6). He raised the following claims:

Ground one: "Whether the trial court erred in allowing the State's key witness to testify via satellite fee violated [sic] the Petitioner right of confrontation."

Ground two: "Whether the trial court erred in allowing the State's key witness to state the Petitioner told him 'I did it again' six or more times."

Ground three: "Where [sic] the trial court erred by instructing the jury manslaughter by act required intent to cause death."

(doc. 1 at 4–5).

As previously noted, on April 22, 2014, the undersigned issued a report and recommendation recommending denial of Petitioner's habeas petition (doc. 33). Petitioner filed the instant motion for

leave to amend his petition (doc. 37), and he filed objections to the report and recommendation (doc. 38). On June 20, 2014, the District Judge issued an order adopting the report and recommendation, denying the habeas petition, and remanding the case to the undersigned for consideration of Petitioner's motion to amend (doc. 39).

II.     ANALYSIS

In Petitioner's motion to amend, he asserts that during the period for filing objections to the report and recommendation, he obtained "meaningful assistance" and realized that his § 2254 petition raised only claims he had presented to the state court on direct appeal, but omitted claims he had presented to the state courts in the Rule 3.850 proceeding (*see* doc. 37 at 1–2). Petitioner seeks leave to amend his § 2254 petition with the following four claims raised in his amended Rule 3.850 motion filed in state court on February 3, 2012:

> Ground One:   "Counsel rendered ineffective assistance where counsel failed to retain DNA expert for Defendant's defense to examine the State's continuation [sic] items of evidence."
>
> Ground Two:   "Counsel rendered ineffective assistance where counsel failed to investigate and call State's witness who was in jail holding cell across from Defendant and substance of State's witness' false testimony was made known to trial counsel and how State's evidence was going to prejudice the outcome of trial."
>
> Ground Three:   "Counsel rendered ineffective assistance where counsel failed to investigate and call a material witness that had information who murdered the victim."
>
> Ground Four:   "Counsel rendered ineffective assistance where counsel refused to allow Defendant to testify despite his adamant wish to testify."

(*see* doc. 37 at 2, 5, Ex. A).

Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Amendments Before Trial.**

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or

>> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
> . . . .
>
> **(c) Relation Back of Amendments.**
>
>> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>>> **(A)** the law that provides the applicable statute of limitations allows relation back; [or]
>>>
>>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . . .

Fed. R. Civ. P. 15(a), (c). Rule 15 applies to habeas proceedings brought under § 2254. *See* Mayle v. Felix, 545 U.S. 644, 655, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005).

In the instant case, Respondent served his responsive pleading on September 14, 2012 (doc. 24). Petitioner filed his motion to amend on May 15, 2014 (doc. 37), more than 21 days after service of Respondent's answer. Therefore, Petitioner may not amend as a matter of course, and may do so only with the court's leave.

In Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court set forth the standard for this court's grant or denial of a party's motion to amend:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182. The Eleventh Circuit adheres to this standard in habeas cases. *See* Moore v. Balkcom, 716 F.2d 1511, 1526–27 (11th Cir. 1983). Where the statute of limitations bars a cause of action, amendment may be futile and, therefore, may be denied. *See* United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Petitioner concedes that by the time he filed his motion to amend, the one-year federal limitations period, set forth in § 2244(d)(1), had expired (doc. 37 at 3).[1] Petitioner does not argue that the "relation back" provision of Rule 15(c) renders his new claims timely; but even if he made such argument, the "relation back" provision does not apply in this case. For an untimely habeas claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. *See* Mayle, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."); Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2001) (citations omitted). Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." Davenport, 217 F.3d at 1344 (internal quotation marks omitted).

Here, Petitioner seeks to add four claims of ineffective assistance of trial counsel, which are not related in "both time and type" to the claims of trial court error raised in his § 2254 petition. Therefore, Petitioner's new claims do not relate back to the date of the original § 2254 petition. *See* Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (movant's amended § 2255 motion did not arise from same set of facts as claims in his original motion, and thus amended motion did not

---

[1] Based upon the procedural history set forth *supra*, which the District Judge adopted, the federal limitations period commenced on September 7, 2010, upon expiration of the 90-day period for Petitioner to seek review of the First DCA's decision in the United States Supreme Court. The federal limitations period ran **174 days** until Petitioner filed his state habeas petition on March 1, 2011. The limitations period was tolled, pursuant to § 2244(d)(2), during the pendency of Petitioner state habeas petition and his overlapping Rule 3.850 motion, which concluded on March 11, 2013 (although Petitioner sought review by the state supreme court of the First DCA's decision affirming the circuit court's denial of Petitioner's Rule 3.850 motion, Petitioner's application for supreme court review was not "properly filed" for purposes of statutory tolling under § 2244(d)(2), because the state supreme court dismissed it for lack of jurisdiction). The federal limitations period expired **191 days** later on September 19, 2013. Petitioner's § 2254 petition did not qualify for statutory tolling under § 2244(d)(2), because the statute expressly permits tolling for periods when applications for State collateral review are pending. Petitioner did not file the instant motion to amend until May 15, 2014.

relate back to original motion; amended motion included claims that prior state conviction which served as basis for enhancement of his federal sentence for conviction of drug-related offenses was constitutionally invalid, and that issue of drug quantity was improperly decided by trial court rather than jury, while original motion raised ineffective assistance of counsel claim); Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001) (untimely added claims of prosecutorial misconduct and ineffective assistance of counsel in amended § 2255 motion did not relate back to claim in original timely § 2255 motion, asserting ex post facto violation in imposition of Sentencing Guidelines' mandatory minimums); *see also, e.g.,* Williams v. United States, 393 F. App'x 927, 929 (11th Cir. 2010) (unpublished) (prisoner's original and subsequent § 2255 motions were not tied to common nucleus of operative facts, and thus subsequent claim did not relate back to original filing so as to excuse expiration of one-year statute of limitations; original claim asserted ineffective assistance of counsel related to negotiating with government for substantial-assistance recommendation at sentencing, whereas subsequent claim concerned whether prisoner had proper notice of government's intent to seek enhancement, and of possible statutory penalty, at time he decided to plead guilty); Brown v. United States, 256 F. App'x 258 (11th Cir. 2007) (unpublished) (untimely claim of ineffective assistance of counsel based upon counsel's failure to file a notice of appeal or appellate brief did not relate back to claims in original timely § 2255 motion that district judge improperly ordered restitution and improperly determined amount of restitution).

Additionally, Petitioner has failed to show he is entitled to equitable tolling of the limitations period. Petitioner contends he is entitled to equitable tolling for the period of time this court delayed in issuing a decision on his § 2254 petition, because the delay rendered his ability to amend "illusory" (*id.*). He additionally contends he is entitled to equitable tolling due to his poverty, lack of legal knowledge, "very limited" education and "borderline mental retardation," and "mental maladies," including schizophrenia with intermittent depression (*id.* at 2–4).

A petitioner is entitled to equitable tolling of the federal limitations period if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace, 544 U.S. at 418) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an

extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly."  Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005).  Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Id. (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).  "As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in Holland, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition."  See San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing Lawrence, 421 F.3d at 1226–27).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  Holland, 130 S. Ct. at 2565 (internal quotation marks and citation omitted).  "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  San Martin, 633 F.3d at 1268 (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).  "Mere conclusory allegations are insufficient to raise the issue of equitable tolling."  Id. (citations omitted).

Illiteracy is not considered an extraordinary circumstance or external factor that may excuse the procedural requirements a prisoner encounters when seeking federal habeas relief.  See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (lack of education does not constitute ground to excuse delay in meeting procedural deadline); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (holding that illiteracy of pro se prisoner not sufficient cause to avoid procedural bar).  Additionally, in Lawrence, the Eleventh Circuit addressed the issue of whether a petitioner's "mental incapacity" may, under certain circumstances, justify equitable tolling of the one-year limitations period.  421 F.3d at 1226–27.  The petitioner in Lawrence stated that his full scale IQ was 81 and he had "suffered from mental impairments his entire life."  Id. at 1227.  The Eleventh Circuit concluded that these contentions, alone, were "insufficient to justify equitable tolling" because they did not establish a "causal connection between [the petitioner's] alleged mental incapacity and his ability to file a timely petition."  Id. at 1226–27.

Initially, the fact that Petitioner is proceeding pro se and in forma pauperis is not an exceptional circumstance, because it is typical of those bringing a federal habeas action.  See Felder

v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding pro se is not a rare and exceptional circumstance because it is typical of those bringing a § 2254 claim"). Additionally, Petitioner has not submitted any evidence to this court which documents his alleged "very limited" education, "borderline mental retardation," and "mental maladies." Moreover, he does not allege he made any attempt, even through assistance from inmate law clerks, to ascertain the federal deadline or to amend his federal petition on time. Notably, on November 5, 2012 (within the federal limitations period), he filed a motion to stay this federal proceeding until he fully exhausted the claims presented in his then-pending Rule 3.850 proceeding (which are the same claims he now seeks to add in this federal proceeding) (*see* doc. 28). However, Petitioner did not seek to amend his federal petition either at the time he filed the motion to stay, or in the ten-month period that followed, during which amendment of his federal petition would have been timely. *See, e.g.*, Bell v. Sec'y, Dept. of Corrections, 248 F. Appx. 101, 104–05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired).[2] Further, Petitioner has not shown that this court's delay in issuing a decision on his federal petition had any effect on his ability to amend his petition. In the absence of any evidence showing a causal connection between Petitioner's ability to file a timely amendment and his alleged mental impairments and this court's delay in issuing a decision in this case, he has failed to demonstrate entitlement to equitable tolling.

III.   CONCLUSION

The new claims which Petitioner seeks to raise in an amended petition are time-barred. Therefore, amendment of Petitioner's § 2254 petition would be futile. Accordingly, his motion to amend should be denied.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing

---

[2] The undersigned cites Bell only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Case No.: 4:11cv488/WS/EMT

required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's motion to amend (doc. 37) be **DENIED**.
2. That final judgment denying this habeas action be entered.
3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 30th day of June 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**